[Cite as *State v. Allison*, 2017-Ohio-7720.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105212**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## QWENTIN DONNELL ALLISON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-605458-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 21, 2017

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Carson Strang
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Qwentin Allison ("appellant"), brings this appeal challenging the trial court's sentence for felonious assault, having weapons while under disability, and tampering with evidence. Specifically, appellant argues that the sentence was excessive, the trial court imposed consecutive sentences without making the required findings under R.C. 2929.14(C)(4), and the trial court erred by failing to merge the offenses for sentencing purposes. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant matter arose from an April 26, 2016 incident, during which shots were fired at two East Cleveland police officers, Officer Lakessa Taylor and Auxiliary Officer Daniel Seidel. In Cuyahoga C.P. No. CR-16-605458-A, the Cuyahoga County Grand Jury returned a five-count indictment charging appellant with two counts of felonious assault, first-degree felonies in violation of R.C. 2903.11(A)(2), with one-, three-, and seven-year firearm specifications and forfeiture of a weapon specifications;[1] discharge of a firearm on or near prohibited premises, a third-degree felony in violation of R.C. 2923.162(A)(3), with one-, three-, and seven-year firearm specifications; having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3), with a forfeiture of a weapon while under disability specification; and tampering with

---

[1] Count 1 pertained to Officer Taylor and Count 2 pertained to Officer Seidel.

evidence, a third-degree felony in violation of R.C. 2921.12(A)(1). Appellant was arraigned on April 29, 2016. He pled not guilty to the indictment.

{¶3} During pretrial proceedings, the parties reached a plea agreement. Pursuant to the plea agreement, the felonious assault offense charged in Count 1 would be amended to a second-degree felony, and the state agreed to delete the one- and seven-year firearm specifications. Additionally, the state amended Count 1 to reflect the names of both officers.

{¶4} On August 4, 2016, appellant pled guilty to Count 1 as amended with the three-year firearm specification, having weapons under disability as charged in Count 4, and tampering with evidence as charged in Count 5. The remaining counts and specifications were nolled. The trial court ordered a presentence investigation report ("PSI"), a mitigation of penalty report, and set the matter for sentencing.

{¶5} The trial court held a sentencing hearing on September 7, 2016. Defense counsel, appellant, and the prosecutor addressed the trial court. The trial court imposed an aggregate prison sentence of six years and nine months: three years on the felonious assault count to be served consecutively to the three-year firearm specification; nine months on the having weapons while under disability count; and nine months on the tampering with evidence count. The trial court ordered the having weapons while under disability count and the tampering with evidence count to run concurrent with one another but consecutive to the felonious assault count.

{¶6} On November 29, 2016, appellant filed the instant appeal challenging the trial

court's sentence. He assigns two errors for review:

> I. The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to six years and nine months in prison, as consecutive sentences were excessive for the purposes set forth in Ohio Revised Code Section R.C. 2929.11 (A) and (B), and not necessary to protect the public, and were disproportionate to the crime charged pursuant to O.R.C. 2929.14(C)(4).

> II. The trial court erred to the prejudice of the appellant by not finding that felonious assault, tampering with evidence, and having weapons under disability are allied offenses of similar import, and by sentencing him consecutively.

## II. Law and Analysis

### A. Consecutive Sentences

{¶7} In his first assignment of error, appellant argues that the trial court abused its discretion in imposing consecutive sentences and failed to make the requisite R.C. 2929.14(C)(4) findings.

{¶8} In reviewing felony sentences, this court does not review the sentence for an abuse of discretion. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶9} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public

from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (_) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

**{¶11}** In the instant matter, during the sentencing hearing, the trial court explained that it had discretion to impose consecutive sentences. The trial court thoroughly reviewed the findings set forth in R.C. 2929.14(C)(4):

> Under our Revised Code Section 2929.14(C)(4), it mentions that a court can impose a multiple prison term, imposed upon someone with multiple offenses, but I'm required to find a number of items. And here's the items:
>
> One, does the court find that consecutive sentences are necessary to protect the public from future crimes.
>
> Two, consecutive sentence is not disproportionate to the seriousness of the offender's conduct, and to the danger the offender posed to the public. So those two things have to be found by the court.
>
> And then any of the third section. And the third section gives you three things to look up as a court; that the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a community control sanction, or was under post release control. I don't believe any of those existed for you. So you weren't under a sentence, you weren't awaiting trial and you were not on post release control.
>
> The second one is, and again, the court has to find one of the three, the second one is at least two of the multiple offenses were committed as part of one or more course of conduct and the harm caused by these multiple offenses were so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct. Or three, your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from any future crimes.

(Tr. 39-40.)

**{¶12}** After identifying the requisite findings under R.C. 2929.14(C)(4), the trial court proceeded to examine whether consecutive sentences were, in fact, warranted. In making the first finding, the trial court stated, "Subsection 1 is satisfied, that I do think that a consecutive sentence is necessary to protect the public from future crimes and to

punish you." (Tr. 40.) In making the second finding, the trial court stated, "Second it's not disproportionate to the seriousness. So you have to go back to shots being fired and shots being fired at police officers who are there to serve and protect the public." (Tr. 40-41.)

{¶13} Regarding the third finding, the trial court determined that R.C. 2929.14(C)(4)(b) and (c) applied:

> And then third, you're prior criminal history does show and demonstrate that you have been under supervision, not been able to follow supervision. And also that that's multiple offenses, the felonious assault, with the gun spec, having weapons while under disability, and tampering with evidence. All three of those arise out of a single course of conduct. And that it's not unusual that someone would receive a consecutive sentence.

(Tr. 41.) The trial court concluded, "I believe I can find under the discretionary portion of the revised code that a consecutive sentence would be warranted[,]" and "that a consecutive sentence is consistent with the purposes and principles of sentencing." (Tr. 41, 44.)

{¶14} Appellant challenges the trial court's first and third R.C. 2929.14(C)(4) findings. Regarding the first finding, appellant argues that consecutive sentences are not necessary to protect the public and punish him. We find no merit to this argument.

{¶15} As noted above, the record clearly reflects that the trial court made the first finding, as required by R.C. 2929.14(C)(4). Furthermore, we cannot clearly and convincingly find that the record does not support the trial court's finding. Appellant fired shots at two police officers. During the sentencing hearing, the prosecutor explained, "it is clear from preliminary discussions and the police report that initially

these officers did believe they were being fired at on that day." (Tr. 31.) In his appellate brief, appellant asserts that "he did not intend to harm [the] police officers" and "[t]he officers were not harmed." Appellant's brief at 10. The shots that appellant fired could have easily injured or killed these officers and any other bystanders in the area. Furthermore, appellant fails to consider that his actions may have caused serious psychological harm to those involved in the incident.

{¶16} Regarding the third finding, appellant argues that the trial court imposed consecutive sentences based on its predetermined policy rather than appellant's criminal record or the specific facts of the case. Specifically, appellant takes issue with the following statement made by the trial court during the sentencing hearing: "Regarding then whether a consecutive sentence should be handed down, the court's position is pretty clear in my courtroom, that when we have prior criminal history and someone carries a gun, that the court is likely to impose a consecutive sentence *when warranted*." (Emphasis added.) (Tr. 43.)

{¶17} After review, we find no merit to appellant's challenge to the trial court's third finding. The record reflects that the trial court did not impose consecutive sentences based solely on a predetermined policy or position. Rather, the trial court concluded that consecutive sentences were, in fact, warranted, explaining:

> [b]ecause you have three prior felony cases, you were charged with carry[ing a] concealed weapon on a prior case and now you're carrying a loaded weapon, and have pled to carrying a loaded weapon and a weapons under disability, the court is going to find that pursuant to 2929.14(C)(4), that a consecutive sentence is consistent with the purposes and principles of sentencing.

(Tr. 43-44.)

{¶18} For all of the foregoing reasons, we conclude that the trial court made the appropriate consecutive sentence findings, and the record clearly reflects that the trial court engaged in the correct analysis required under R.C. 2929.14(C)(4). *See State v. Hart*, 8th Dist. Cuyahoga No. 104387, 2017-Ohio-290, ¶ 7. Furthermore, we cannot clearly and convincingly find that the record does not support the trial court's findings.

{¶19} In addition to making the requisite R.C. 2929.14(C)(4) findings during the sentencing hearing, the trial court is also required to incorporate its consecutive sentence findings into its sentencing journal entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. The trial court failed to incorporate its consecutive sentence findings into its September 8, 2016 sentencing journal entry. Accordingly, we remand the matter to the trial court to enter a nunc pro tunc entry setting forth the applicable consecutive sentence findings made at the sentencing hearing. *Bonnell* at ¶ 30. *Accord State v. Lash*, 8th Dist. Cuyahoga No. 104725, 2017-Ohio-4299, ¶ 52.

### B. Length of Sentence

{¶20} Although appellant's brief focuses on the trial court's imposition of consecutive sentences, he also contends that the trial court's sentence was "excessive for the purposes set forth in [R.C.] 2929.11(A) and (B)[.]" Appellant's brief at 8.

{¶21} As noted above, appellate review of felony sentences is governed by R.C. 2953.08. A sentence is contrary to law if the sentence falls outside the statutory range

for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. The review provided for in R.C. 2953.08 is limited. In *Marcum*, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

**{¶22}** R.C. 2929.11(A), governing the purposes and principles of felony sentencing, provides that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Furthermore, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶23}** R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16. Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, the

court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

{¶24} In the instant matter, appellant suggests that the trial court's sentence is not consistent with the purposes and principles of felony sentencing set forth in R.C. 2929.11. In support of his argument, appellant asserts that he suffers from mental disabilities, the police officers were not physically harmed by his conduct, he accepted responsibility for his actions and expressed remorse, and that he had been a model prisoner while he was awaiting trial. In other words, appellant disagrees with the trial court's consideration of the R.C. 2929.11 factors in crafting an appropriate sentence.

{¶25} In *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, this court explained,

> [t]he weight given to the sentencing factors is discretionary, and that discretion purely rests with the trial court. All that R.C. 2929.11 and 2929.12 require is for the trial court to consider the factors. [*State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10]; *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶

10-11 (R.C. 2953.08 precluded appellate review of the trial court's discretion in weighing the consistency in sentencing principles under R.C. 2929.11(B) because the final sentence was within the applicable statutory range and the trial court expressly indicated it considered all the required statutory factors and principles).

*Jones* at ¶ 14.

{¶26} The trial court's sentences for appellant's second- and third-degree felonies were within the statutory ranges under R.C. 2929.14(A). The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from the trial court's notation in the sentencing entry that it "considered all required factors of the law" including, specifically, R.C. 2929.11, the record reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.

{¶27} During the sentencing hearing, the trial court indicated that it had reviewed and considered the PSI, the mitigation report, and the police report. The trial court indicated that it considered the fact that appellant accepted responsibility for his actions. In imposing its sentence, the trial court stated that it considered the purposes and principles of sentencing. The trial court explained that a three-year sentence on the felonious assault count "fits the nature of this offense, a shooting at two officers while you were being searched out during this incident." (Tr. 42.)

{¶28} The trial court determined that a minimum sentence was not warranted

based on appellant's criminal history and inability to comply with the terms of his probation in the past. The record reflects that in April 2011, appellant pled guilty to drug possession and violated the terms of his community control sanctions.[2] In March 2009, appellant pled guilty to drug trafficking; the trial court imposed a six-month prison sentence after appellant violated the terms of his community control sanctions.[3] In August 2008, appellant pled guilty to attempted drug possession and carrying concealed weapons; appellant violated the terms of his probation in April 2009 and September 2009, and the trial court imposed a six-month prison sentence.[4]

{¶29} For all of the foregoing reasons, appellant's first assignment of error is overruled. The trial court did not err by imposing consecutive sentences, and appellant's sentence is not contrary to law.

## C. Merger

{¶30} In his second assignment of error, appellant argues that the trial court erred by failing to merge his convictions for sentencing purposes.

{¶31} Initially, we note that appellant's reliance on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, is misplaced. The *Johnson* analysis has been rendered obsolete and supplanted by the analysis set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. *See State v. Dennis*, 8th Dist.

---

[2] Cuyahoga C.P. No. CR-11-547058-A

[3] Cuyahoga C.P. No. CR-09-521995-B

[4] Cuyahoga C.P. No. CR-08-510490-A

Cuyahoga No. 104742, 2017-Ohio-4437, ¶ 21-22.

**{¶32}** Nevertheless, the record reflects that appellant waived the issue of allied offenses. This court has held that when the state and defense counsel agree that offenses are not allied, the issue of allied offenses is waived. *State v. Black*, 8th Dist. Cuyahoga No. 102586, 2016-Ohio-383, ¶ 18, citing *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 18-19; *State v. Adams*, 8th Dist. Cuyahoga No. 100500, 2014-Ohio-3496, ¶ 10-13; *State v. Crockett*, 8th Dist. Cuyahoga No. 100923, 2014-Ohio-4576, ¶ 4-7, 15-16; *State v. Carman*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910, ¶ 17-18; and *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199, ¶ 20.

**{¶33}** During the change of plea hearing, the trial court opined that the felonious assault, having weapons while under disability, and tampering with evidence offenses would not merge for sentencing purposes. The court requested the parties' input on the merger issue. The prosecutor confirmed that the offenses do not merge. Appellant's counsel acknowledged that the offenses would not merge for sentencing purposes. (Tr. 14.) During the sentencing hearing, the trial court stated, "[w]e did note on the record that for purposes of sentencing none of the three counts merged for purposes of sentencing." (Tr. 29.)

**{¶34}** Accordingly, appellant waived the issue of allied offenses. Appellant's second assignment of error is overruled.

### III. Conclusion

**{¶35}** After thoroughly reviewing the record, we find that the trial court did not err in imposing consecutive sentences, the trial court's sentence is not contrary to law, and the trial court did not err by failing to merge appellant's convictions for sentencing purposes.

**{¶36}** The trial court failed to incorporate its R.C. 2929.14(C)(4) consecutive sentence findings into its sentencing journal entry, as required by *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30. Thus, we remand the matter for the sole purpose of the trial court issuing a nunc pro tunc entry incorporating its consecutive sentence findings.

**{¶37}** Judgment affirmed; case remanded to the trial court for the issuance of a nunc pro tunc sentencing journal entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR