[Cite as *State v. Olsen*, 2022-Ohio-1402.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                                   No. 110740

    v.                                             :

GLEN A. OLSEN,                                    :

    Defendant-Appellant.                    :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 28, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657544-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Timothy Troup, Assistant Prosecuting
Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Glen A. Olsen ("appellant") appeals the judgment and sentence of the Cuyahoga County Court of Common Pleas. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This case appears to have arisen from something of a love triangle between appellant, LeShawn Wright ("Wright"), the woman to whom appellant believed he was engaged, and Wright's boyfriend, Robert Seay ("Seay"). On the day in question, appellant went to Wright's house with the intention of damaging Seay's vehicle. Seay and Wright were in the house when they heard the windows of Seay's vehicle being broken.

{¶ 3} Wright and Seay went outside, and Wright approached appellant. Appellant struck Wright with the baseball bat that he had been using to damage Seay's vehicle. Appellant then attempted to drive away, and his vehicle dragged Wright down the street. Appellant stopped and left Wright lying in the street while he drove to a nearby gas station. Police were called, and appellant was apprehended at the gas station with the baseball bat in his hands. Appellant's actions caused Wright to suffer serious injuries and caused $9,000 of damage to Seay's vehicle.

{¶ 4} Appellant was indicted on four counts of felonious assault, one count of tampering with evidence, and one count of criminal damaging. Appellant and the state entered into a plea bargain, wherein appellant pled guilty to one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), relating to appellant's striking Wright with the baseball bat; an amended charge of attempted felonious assault, a felony of the third degree, in violation of R.C. 2923.02 and 2903.11(A)(1), arising from appellant harming Wright with his motor vehicle; and one count of criminal damaging, a misdemeanor of the second degree, in

violation of R.C. 2909.06(A)(1), relating to the damage caused to Seay's vehicle. The remaining counts were nolled.

{¶ 5} Appellant was sentenced on Count 1 to an indefinite term with a minimum of seven years and a maximum of ten and one-half years in prison. For the attempted felonious assault charge, appellant was sentenced to two years in prison to run consecutively to the prison term imposed in Count 1 for a total aggregate term of a minimum of nine years in prison and a maximum of 12½ years. Appellant was sentenced to time served for the criminal damaging charge. The court waived all fines and court costs but imposed restitution in the amount of $400.

{¶ 6} Appellant then filed the instant appeal, raising four assignments of error for our review:

> 1. The trial court committed prejudicial error by not informing appellant of the financial penalties for the offenses of felonious assault and attempted felonious assault before accepting his guilty pleas. Crim.R. 11(C); Fifth and Fourteenth Amendments to the Constitution of the United States; Article I, Section 16 of the Constitution of the State of Ohio.

> 2. Appellant's sentencing under the Reagan Tokes law violated the constitutional guarantees of due process of law and equal protection of the laws, contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 2 and 16 of the Constitution of the State of Ohio.

> 3. The twelve- and one-half year prison term imposed by the trial court is excessive, unsupported by the record, and contrary to law.

> 4. The imposition of a consecutive sentence on Count IV was contrary to law and a denial of due process of law since the findings necessary for the imposition of a consecutive sentence for attempted felonious assault under Count IV of the indictment are not supported by the evidence.

## II. Law and Analysis

{¶ 7} In appellant's first assignment of error, he argues that the trial court erred by not informing him of the financial penalties for the offenses of felonious assault and attempted felonious assault before accepting his guilty pleas. Appellant argues that he would have made a different decision about his plea had he been informed of the financial penalties.

{¶ 8} The following exchange occurred at the plea hearing:

THE COURT: Do you also understand if you enter a plea of guilty the Court can impose on you court costs, any mandatory fines, require the payment of restitution, supervision fees, and/or costs of confinement?

THE DEFENDANT: Yes, your Honor.

{¶ 9} At sentencing, the court waived fines and court costs. The only financial penalty imposed against appellant was restitution to Wright for her injuries in the amount of $400.[1]

{¶ 10} Accordingly, at the time of his plea, the appellant was aware that he could be subject to restitution but was not advised of the amount that could be imposed. However, there is no requirement that the trial court must indicate at the plea hearing the amount of restitution that a defendant will be required to pay. *See State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459. Moreover, even if there were such a requirement, appellant would have to demonstrate that he was prejudiced by the court's failure to advise him of the restitution. *See State v. Wilson*, 8th Dist. Cuyahoga No. 102645, 2015-Ohio-5143, ¶ 11 (no Crim.R. 11 violation where

---

[1] At sentencing, appellant specifically agreed to the restitution amount of $400.

court does not advise defendant about restitution at time of plea hearing when defendant fails to allege or demonstrate prejudice). Appellant has made no showing of prejudice here.

{¶ 11} Appellant's first assignment of error is overruled.

{¶ 12} Appellant's second assignment of error argues that his sentence under the Reagan Tokes Law violated his rights to due process and equal protection under the law.

{¶ 13} We need not dwell on these arguments. The Supreme Court of Ohio held in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, that constitutional challenges to the Reagan Tokes Law are ripe for review. This court has recently conducted en banc review of the constitutionality of the Reagan Tokes Law. *See State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. In *Delvallie*, we overruled challenges to the constitutionality of the Reagan Tokes Law (enacted through S.B. 201) with regard to the right to due process. Thus, pursuant to *Delvallie*, we overrule appellant's due process arguments.

{¶ 14} With regard to appellant's assertion that the Reagan Tokes Law violates his right to equal protection under the law, we find that appellant has not expanded on this conclusory statement or presented any authority in support of his proposition. We decline to craft an argument for him.

{¶ 15} Appellant's second assignment of error is overruled.

{¶ 16} In his third assignment of error, appellant argues that his 12- and one-half year prison sentence was excessive, unsupported by the record, and contrary to

law. Appellant contends that the trial court did not consider mitigating factors which would have reduced his sentence, to wit: (1) appellant had a "minimal" criminal history; (2) appellant suffers from bipolar disorder; (3) appellant accepted full responsibility for his conduct and exhibited genuine remorse; (4) appellant did not intend to harm the victim; (5) the offense occurred under circumstances not likely to recur; and (6) the victim induced or facilitated the offense.

{¶ 17} R.C. 2953.08(G)(2)(a) does not permit the appellate court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 29. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶ 18} Rather, when reviewing a felony sentence that is imposed after a consideration of R.C. 2929.11 and 2929.12, our review is limited to the question of whether the sentence is contrary to law. A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense; or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g.*, *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13-14. Appellant's sentence for his offenses is within the statutory range, and the record reflects the trial court had considered the purposes and principles of felony

sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We therefore overrule appellant's third assignment of error.

{¶ 19} Appellant's final assignment of error argues that the imposition of a consecutive sentence on the attempted felonious assault charge was contrary to law and a denial of due process since the findings necessary for the imposition of a consecutive sentence were not supported by the evidence. Appellant contends that the record demonstrates that consecutive sentences were not necessary to protect the public from future crime or to punish the offender and that the sentences imposed are disproportionate to the seriousness of the conduct and to the danger the offender poses to the public.

{¶ 20} We review consecutive sentences using a "clear and convincing standard." *State v. Allison*, 2017-Ohio-7720, 97 N.E.3d 1043 (8th Dist.). R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 21} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 22} Compliance with R.C. 2929.14(C)(4) requires the trial court to make these statutory findings at the sentencing hearing, where "'the [trial] court must note that it engaged in the analysis and that it "has considered the statutory criteria and specifie[d] which of the given bases warrants its decision."'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasoning to support its findings, nor is it required to give a rote recitation of the statutory language "'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *Allison* at ¶ 10, quoting *Bonnell* at ¶ 37.

{¶ 23} At the sentencing hearing, the trial court stated as follows:

So I've had an opportunity to review the presentence investigation report, I've already pointed out the violence that the defendant

displayed as reported in the presentence investigation report that is extremely disturbing. I've also had an opportunity to review the mitigation of penalty report, hear from you, Mr. Olsen, hear from your lawyer, hear from the State, hear from the victims involved in this matter, and I've had an opportunity to review the photos of the victim who was left by you in the street injured severely.

And, again, in reviewing your presentence investigation report, your criminal history is minimal. And that prior to this incident in the beginning of this year you had, in 2006, a burglary, a felony of the 3rd degree, and prior to that a drug offense in 1993, another drug offense in 1993, driving under the influence in 1993.

However, the violence that you displayed here is overwhelming and the violence that you displayed to both these victims in this case is incomprehensible as well. While the situation may have caused you concern, you may not have liked it, however, it appears you went to the victim's home. She wasn't bothering you. Mr. Seay didn't appear to be bothering you as he indicated he didn't even know you. And you took it upon yourself to take out your aggression and anger on Ms. Wright and Mr. Seay. And as I said, the injuries that Ms. Wright sustained are overwhelming.

So in considering all the relevant seriousness and recidivism factors and ensuring that the public is protected from future crime and that you are punished, I find you are not amenable to a community controlled sanction. I am going to impose a prison sentence. * * *

* * *

I find that a consecutive sentence is necessary in this case because I find that the prison sentence is necessary to protect the community and punish you, it's not disproportionate, and I also find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct. Your criminal history shows that consecutive sentences are necessary to protect the public. In addition to that, there are two victims in this case here, and as I've already placed on the record Ms. Wright sustained serious, serious injuries, physical injuries as well as hearing from her today considerable psychological and emotional injuries as a result of you.

And I also find that at least two of the multiple offenses were committed as part of one or more course of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of your conduct. Again, two victims. One sustained serious physical and emotional injuries. Another victim, as he describes, seeing serious injuries as well, financially due to the damage that you caused to the vehicle. You left the scene. You left the scene with someone in the middle of the street in a very vulnerable state and injured very severely. So I find for all those reasons that a consecutive sentence is necessary.

{¶ 24} The record shows that the court clearly considered whether consecutive sentences were necessary to protect the public and that consecutive sentences would not be disproportionate to the harm caused by appellant in this instance.

{¶ 25} We find that the record supports the imposition of consecutive sentences and that the trial court did not err. Appellant's fourth assignment of error is overruled.

### III. Conclusion

{¶ 26} The trial court did not err in not informing appellant at the plea hearing as to the amount of restitution that would be ordered or in imposing consecutive sentences. Further, appellant's sentence was not contrary to law and was proper under the Reagan Tokes Law.

{¶ 27} All of appellant's assignments of error are overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

SEAN C. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR