[Cite as *State v. Booker*, 2022-Ohio-3433.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111222 |
| v. | : | |
| DOMINIC BOOKER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 29, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649048-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} In this delayed appeal, defendant-appellant, Dominic Booker ("Booker"), appeals his sentence for rape, kidnapping, aggravated burglary, burglary, and having weapons while under disability. He challenges the

constitutionality of his sentence under the Reagan Tokes Act and contends his sentence is contrary to law. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In April 2020, Booker was charged in a 14-count indictment. Counts 1-3 charged him with rape. Count 4 charged him with kidnapping. Counts 5, 7, and 10 charged him with aggravated burglary. Counts 6 and 13 charged him with burglary. Counts 8 and 11 charged him with having weapons while under disability ("HWUD"). Count 9 charged him with theft. Count 12 charged him with attempted theft. Count 14 charged him with theft.[1] The charges arise from incidents involving three victims — Jane Doe (Counts 1-6), T.G. (Counts 7, 9, 10, 12), and J.L. (Counts 13 and 14).

{¶ 3} In May 30, 2020, Booker entered into a plea agreement with plaintiff-appellee, the state of Ohio ("State"). Booker pled guilty to an amended Count 1 (rape) by the deletion of the sexual violent predator specification, an amended Count 4 (kidnapping) by the deletion of the sexual motivation specification and the sexual violent predator specification, Count 5 (aggravated burglary) as charged, an amended Count 7 (aggravated burglary) by the deletion of the one-year firearm specification, Count 8 (HWUD) as charged, an amended Count 10 (aggravated burglary) by the deletion of the one- and three-year firearm specifications, and Count 13 (burglary) as charged. Counts 2, 3, 6, 9, 11, 12, and 14 were nolled. Booker

---

[1] Each of Counts 1-4 carried a sexually violent predator specification. Count 4 also carried a sexual motivation specification. Count 10 carried both a one- and three-year firearm specification.

also agreed that the offenses were not allied offenses of similar import. The trial court advised Booker that Counts 1, 4, 5, and 7 would fall under the Reagan Tokes Act and that he would be classified as a Tier III sex offender with lifetime registration.

{¶ 4} Booker was sentenced at a hearing in June 2020, and a nunc pro tunc sentencing entry was filed on September 1, 2020. The court held a resentencing hearing in October 2020 because the original sentencing hearing did not include a sentence on Count 5. The trial court sentenced Booker to

> 3 year(s) on the specifications to be served prior to and consecutive with a minimum prison term of 10 year(s) and a maximum prison term of 15 year(s) on the underlying offense(s). The total stated prison term is 23-28 years[.]
>
> Count 1: F1, an indefinite minimum prison term of 10-15 year(s), 5 years mandatory post release control.
>
> Count 4: F1, an indefinite minimum prison term of 10-15 year(s), 5 years mandatory post release control.
>
> Count 5: F1, an indefinite minimum prison term of 10-15 year(s), 5 years mandatory post release control.
>
> Count 7: F1, an indefinite minimum prison term of 10-15 year(s), 3 year firearm specification, 5 years mandatory post release control.
>
> Count 8: F3, 36 month(s), up to 3 years discretionary post release control.
>
> Count 10: F1, a definite minimum prison term of 10 year(s), 5 years mandatory post release control.
>
> Count 13: F2, a definite minimum prison term of 8 year(s), 3 years mandatory post release control.
>
> Count[s] 1 and 4 to be served consecutively.

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct.

* * *

** Defendant is a Tier III sex offender. **

(Trial Court's Judgment, Oct. 30, 2020.) The trial court also "considered all required factors of the law [and found] that prison is consistent with the purpose of R.C. 2929.11." *Id.*

{¶ 5} It is from this order that Booker appeals, raising the following two assignments of error for review.

> **Assignment of Error One:** [Booker's] sentencing under the Reagan Tokes law violated the constitutional guarantees of due process of law and equal protection of the laws, contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 2 and 16 of the Constitution of the State of Ohio.

> **Assignment of Error Two:** The twenty-three (23)-year base prison term imposed by the trial court is excessive, unsupported by the record, and contrary to law.

## II. Law and Analysis

### A. Reagan Tokes

{¶ 6} In the first assignment of error, Booker recognizes that in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), this court already determined that the sentencing provisions under the Reagan Tokes Act are constitutional, but

challenges the constitutionality of the Act since the issue has not yet been resolved by the Ohio Supreme Court.

{¶ 7} However, in light of our en banc decision in *Delvallie*, which found the Reagan Tokes Act to be constitutional, we overrule the first assignment of error.

## B. Booker's Sentence

### 1. Standard of Review

{¶ 8} An appellate court reviews felony sentences under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Relevant to the instant appeal, under R.C. 2953.08(G)(2)(b), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly" finds "[t]hat the sentence is otherwise contrary to law."

{¶ 9} "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926.

### 2. R.C. 2929.11 and 2929.12

{¶ 10} R.C. 2929.11 addresses the overriding purposes of felony sentencing, while R.C. 2929.12 addresses factors that are to be taken in account when imposing a sentence. *Jones* at ¶ 18-19. Under R.C. 2929.11(A), the overriding purposes of

felony sentencing are to (1) "protect the public from future crime by the offender and others"; (2) "punish the offender"; and (3) "promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the imposed sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 11} R.C. 2929.12 provides the sentencing court with the discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Bridges*, 8th Dist. Cuyahoga No. 107281, 2019-Ohio-1769, ¶ 10. R.C. 2929.12 sets forth a nonexhaustive list of factors a trial court must consider in determining the seriousness of the offender's conduct and the likelihood of recidivism, including the offender's history of criminal convictions, whether the offender has responded favorably to sanctions previously imposed for criminal convictions, whether the offender has demonstrated remorse, and any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A), (D)(2)-(3), and (D)(5).

{¶ 12} Although the sentencing court must consider the factors in R.C. 2929.11 and 2929.12, the court is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. *Bridges* at ¶ 11, citing *State v. Keith*, 8th Dist. Cuyahoga

Nos. 103413 and 103414, 2016-Ohio-5234; *State v. Rouse*, 8th Dist. Cuyahoga No. 107379, 2019-Ohio-708. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). (The "trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12.") *Id.,* citing *Keith*, citing *State v. Sutton,* 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, and *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.

### 3. 23-Year Base Sentence

{¶ 13} Booker argues his 23-year base sentence exceeds the minimum sentence that can be legally imposed. He contends that there are three important mitigating factors not reflected in his sentence: (1) "minimal" criminal history consisting of a third-degree felony burglary offense in 2016 and a fourth-degree felony receiving stolen property offense in 2011; (2) he apologized and expressed remorse for his misconduct; and (3) Jane Doe told the court that she had forgiven him. He additionally contends that the presence of the city of Cleveland's Ward 1 Councilman at his sentencing hearing was a highly unusual occurrence and the Councilman's statements appear to have impacted his excessive sentence.

{¶ 14} Booker's argument, however, does not dispute the legality of the trial court's term of incarceration, nor does it dispute the trial court's findings supporting consecutive sentences. After the Ohio Supreme released its decision in *Jones*, our review of a sentence imposed by the trial court under R.C. 2953.08(G)(2) is limited

to the legality of the sentence, meaning was it imposed after consideration of the statutory factors and is it within the range authorized by the Revised Code. *See State v. Olsen*, 8th Dist. Cuyahoga No. 110740, 2022-Ohio-1402, ¶ 18. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42. In particular, "R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry[.]" *Id.*

{¶ 15} In the instant case, a review of the record reveals that at the sentencing hearing in June 2020, the trial court heard from the victim of Counts 1-6 and the city of Cleveland's Ward 1 Councilman, as well as Booker, defense counsel, and the state. The victim asked the court for justice and stated that she forgave Booker. (Tr. 37, June 23, 2020.) The Councilman advised the court that he was present because this incident not only impacted the victim but the neighborhood. (Tr. 38, June 23, 2020.) He stated that "[w]ord had got out that there was a rapist trying to break into people's houses. * * * I just come before you today on behalf of the citizens of the Lee/Harvard Ward 1 area asking * * * you, Judge, to sentence him to the fullest lengths possible. This type of crime against women and children and terrorizing the neighborhood is absolutely unacceptable[.] And to come to find out that he is now a predator because he has done this on multiple occasions." (Tr. 38-39, June 23, 2020.)

{¶ 16} During its recitation of the facts, the state noted that counts involving the victim arose from Booker breaking into her home while she was asleep. Booker wore a black ski mask and vaginally, anally, and orally raped the victim. He kept her from leaving her home. (Tr. 40, June 23, 2020.) The next day, the victim came back to her home (she was living with her mother at the time) and found that the house was broken into again. Booker broke in through a back window, and when doing so, he cut himself and left blood on the window shades. The blood was linked to Booker through DNA testing. (Tr. 42-43, June 23, 2020.)

{¶ 17} The state also described the details regarding the burglaries listing T.G. as the victim. The burglaries were captured on surveillance cameras. In one burglary, Booker took a television, some cash, and a comforter. With the other burglary, it appears that Booker was nervous because the camera captured him talking with his accomplice and they left without taking anything. (Tr. 43, June 23, 2020.) Regarding the burglary listing J.L. as the victim, the state advised the trial court that this burglary was also captured on video surveillance. Booker took a television, a sound bar, and possibly some cash. (Tr. 43-44, June 23, 2020.)

{¶ 18} The state also quoted from a text-message conversation between Booker and another individual before and after the rape of Jane Doe. During the conversation, Booker sent and replied to the following messages:

[Booker:] I want to break in and steal some p***y[.]

[Reply:] LMAO. You got to be careful with that; might like it.

[Booker:] LOL. I want to tell you but goddamn.

\* \* \*

Grr.  I can't even scare no one.  Baby like you look good.  Why you got to be mean.  I give it to you.  I be — goddamn —

[Reply:]  LMAO.  That's what I'm trying to tell you, they just got to go with it and give a little fight.

[Booker:]  S**t crazy.  I'll tell you about it later.

[Booker:]  S**t, I just took somebody's pride.  Hee-hee. Rape, rape, rape.  LOL.  I'm crazy for real.

(Tr. 45, June 23, 2020.)

{¶ 19} Defense counsel asked for an 8-year prison term, noting that Booker does not have a lengthy history of assaultive behavior or sexually oriented behavior. Booker then apologized to the court, wishing he "could take it back."  (Tr. 52, June 23, 2020.)

{¶ 20} Prior to announcing its sentence, the trial court indicated that it considered the overall facts of the case, noting the facts were horrific.  (Tr. 52, June 23, 2020.)  The court also indicated it considered all the purposes and principles of the Ohio Revised Code section relating to sentencing, the statements made by all the parties, and the medical report, noting it gave "this case a great deal of thought" prior to imposing the sentence.  (Tr. 54, June 23, 2020.)

{¶ 21} The trial court found that consecutive sentences were "necessary to protect the public from future crime and to punish [Booker]; that consecutive sentences are not disproportionate to the seriousness of [Booker's] conduct, and that the danger [he] pose[s] to the public; and furthermore, that [the crimes] were committed while [Booker was] on community control sanctions."  (Tr. 56-57, June

23, 2020.) The trial court also found that two of the multiple offenses were committed as part of one or more courses of conduct by burglarizing Jane Doe's house twice, and that the harm caused "was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of [Booker's] conduct[.]" (Tr. 57, June 23, 2020.) The trial court further noted that Booker did have prior felony convictions and that consecutive sentences were necessary to protect the public from future crime committed by him. (Tr. 57, June 23, 2020.)

{¶ 22} At the resentencing hearing in October 2020, the trial court again indicated that it considered all the purposes and principles of the Ohio Revised Code relating to sentencing. (Tr. 64, Oct. 22, 2020.) The court also reiterated its reasons for ordering the sentences to be served consecutively. (Tr. 65-66, Oct. 22, 2020.) In the corresponding sentencing entry, the court also incorporated its consideration of all the required factors of law, its determination that prison was consistent with R.C. 2929.11, and its findings supporting consecutive sentences. (Trial Court's Judgment, Oct. 30, 2020.)

{¶ 23} Booker asks this court to substitute its judgment for that of the trial court's regarding how the principles and purposes of sentencing should have applied and what sentence was appropriate. We decline to do so. Booker committed multiple burglaries, rape, and then returned to burglarize his rape victim the next day, while he was on community-control sanctions. Moreover, Booker's texts reveal that he was going to commit the rape and then joked about it afterwards.

{¶ 24} When applying the standard set forth in R.C. 2953.08(G)(2) to the instant case, we find that Booker's sentence of 23-28 years is within the statutory range, and the record reflects the trial court had considered the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Furthermore, the trial court's sentencing journal entry indicates that it "considered all required factors of the law," which this court has held to be enough to find that the court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *Keith* at ¶ 11.

{¶ 25} Therefore, the second assignment of error is overruled.

## III. Conclusion

{¶ 26} We find that Booker's sentence is not unconstitutional under the Reagan Tokes Act. Furthermore, the record demonstrates that the trial court imposed Booker's sentence after consideration of the statutory factors, and his sentence is within the range authorized by the Revised Code.

{¶ 27} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, see *State v. Delvallie,* 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).