DECISION *Page 2 
{¶ 1} Defendant-appellant Frank Alfarano was indicted for two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Following a plea hearing, Alfarano withdrew his not-guilty pleas and pleaded guilty to one count of gross sexual imposition. In exchange for his guilty plea, the state dismissed the other charge. The trial court accepted the guilty plea, classified Alfarano as a sexually oriented offender, and sentenced him to 18 months in prison. Alfarano now appeals.
 {¶ 2} He argues, in a single assignment of error, that his plea was not knowing, voluntary, and intelligent because the trial court misinformed him that he would be subject to a three-year term of post-release control, rather than the mandatory five-year term of post-release control for felony sex offenses under R.C. 2967.28(B)(1).
 {¶ 3} The Ohio Supreme Court has recently held in State v.Sarkozy that "if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of post-release control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal."[1] The supreme court further held that "if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of post-release control, the court fails to comply with Crim. R. 11, and the reviewing court must vacate the plea and remand the cause."[2]
 {¶ 4} The supreme court clarified, however, that some compliance with respect to post-release control prompts a "substantial compliance" analysis and a corresponding-prejudice analysis, such as when a trial court misinforms a defendant *Page 3 
at the plea hearing about the length of post-release control or misinforms a defendant that post-release control is discretionary rather than mandatory.[3]
 {¶ 5} In this case, the trial court advised Alfarano that he would be subject to post-release control once he was released from any prison term that it might impose. It, likewise, advised him of the penalties for violating post-release control. While the trial court incorrectly informed Alfarano that he would serve "up to three years of post-release control," instead of the statutorily mandated five-year term of post-release control, the written plea agreement accurately stated that Alfarano would serve a mandatory five-year term of post-release control.
 {¶ 6} Moreover, prior to accepting Alfarano's plea, the trial court asked Alfarano if he had reviewed the plea form with counsel, and if he had any questions regarding the written plea agreement. Alfarano replied that he had reviewed the form and did not have any questions. Thus, Alfarano had notice that he would receive a maximum of five years' post-release control, and that if he violated the terms of his post-release control, he could serve up to 50 percent of his original prison sentence. Under these circumstances, we hold that the trial court substantially complied with Crim. R. 11(C)(2)(a).[4] Alfarano, furthermore, has not alleged that he would not have entered a guilty plea to the charge, had he known that that his mandatory term of post-release control was five years instead of three years. As a result of the foregoing, we overrule his sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
PAINTER, P. J., and DINKELACKER, J., concur.
[1] 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph one of the syllabus.
[2] Id. at paragraph two of the syllabus.
[3] Id. at ¶ 22-23.
[4] See State v. Moviel, 8th Dist. No. 86244, 2006-Ohio-697, at ¶ 17-23. *Page 1