[Cite as *State v. Wilson*, 2015-Ohio-5143.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102645

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DERRELL L. WILSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585131-A

**BEFORE:** Boyle, J., Celebrezze, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 West St. Clair Avenue
Suite 212
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Marcus A. Henry
         Eric L. Foster
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Derrell L. Wilson, appeals his conviction and sentence, raising the following two assignments of error:

> I. Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of the maximum penalties as required by Crim.R. 11(C)(2)(a).

> II. The trial court committed reversible error when it ordered restitution without sufficient, competent evidence in the record.

**{¶2}** For the reasons that follow, we affirm.

## A. Procedural History and Facts

**{¶3}** In May 2014, Wilson was indicted on two counts: aggravated burglary and felonious assault. Four months later, following a plea agreement reached with the state, Wilson ultimately pleaded guilty to an amended Count 2 for aggravated assault. The state moved to nolle Count 1, which was granted by the trial court. Prior to accepting Wilson's guilty plea, the trial court engaged in a plea colloquy, advising Wilson of his constitutional rights and informing him of the penalties that he faced for a fourth-degree felony. The trial court ultimately accepted Wilson's guilty plea and then referred Wilson for a presentence investigation.

**{¶4}** At sentencing, the trial court first heard from the victim. The victim explained that Wilson attacked him, breaking his jaw. According to the victim, he had to have surgery but his "jaw is still messed up" as a result of Wilson's actions. He further testified that he incurred $28,337.86 in medical bills that were not covered by insurance. Defense counsel addressed the court and urged the court to impose community control sanctions instead of a prison term, emphasizing Wilson's remorse for his actions, his positive work history, and his lack of any prior felony convictions. Defense counsel stated the following as to the restitution requested:

> With respect to the restitution, your Honor, obviously Derrell understands

that this is going to be his responsibility as well now and he wants to do what he can. Obviously working at Rally's this isn't something he's going to be able to pay next week but he wants to take responsibility, he wants to make this right.

**{¶5}** Wilson then addressed the court, expressing his remorse and urging the court to be lenient.

**{¶6}** The trial court ultimately imposed 18 months of community controlled sanctions. As part of the community controlled sanctions, the trial court sentenced Wilson to 120 days in jail with 30 days suspended. Of the 90 days to be served, the trial court ordered that Wilson serve the first 30 days in jail and then the remaining 60 days could be served on the weekends. The trial court also ordered that Wilson pay restitution in the amount of $28,337.86.

**{¶7}** From this order, Wilson appeals.

**B. Guilty Plea**

**{¶8}** In his first assignment of error, Wilson argues that his conviction should be reversed because the trial court failed to inform him of the maximum penalty before accepting his guilty plea. Specifically, he argues that the trial court's failure to inform him of restitution at the time of his guilty plea rendered his plea less than knowingly, intelligently, and voluntarily made. We disagree.

**{¶9}** Under Crim.R. 11(C)(2), a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with understanding * * * of the maximum penalty involved * * *." This section of Crim.R. 11 does not involve constitutional requirements; therefore, a reviewing court must determine whether there was substantial compliance. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17. "Substantial compliance means that under the

totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶10}** Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney* at ¶ 14-17. The test for prejudice is whether the plea would have otherwise been made. *Id.* at ¶ 15.

**{¶11}** Although the trial court failed to inform Wilson of restitution at the time of the plea hearing, Wilson has failed to demonstrate or even allege any prejudicial effect of the trial court's alleged error. And under such circumstances, Ohio courts have consistently rejected any claim to vacate a plea. *See, e.g.*, *State v. Schmidt*, 11th Dist. Portage No. 2012-P-0034, 2015-Ohio-2450, ¶ 21 (plea not vacated where trial court failed to advise defendant of the correct maximum fine where defendant failed to demonstrate any prejudice arising out of the error); *State v. Soltis*, 8th Dist. Cuyahoga No. 92574, 2009-Ohio-6636, ¶ 22 (plea not vacated where defendant presented no evidence nor argued that he would not have entered his plea if he had known of the consequences of violating postrelease control); *State v. Alfarano*, 1st Dist. Hamilton No. C-011030, 2008-Ohio-3476 (no prejudice found and plea not vacated where defendant made no allegation he would not have pled guilty if he had known the mandatory term of postrelease control was five years, not three years as advised by the trial court).

**{¶12}** Nothing in the record suggests that Wilson would not have entered his plea had he been told that he would have to pay restitution. To the contrary, aside from not objecting to the imposition of restitution, Wilson expressly indicated his desire to pay the restitution amount. Notably, this representation was made prior to the trial court imposing any sentence and after the full amount of restitution had been disclosed by the victim. Based on these facts, we find no

basis to conclude that Wilson's plea would not have otherwise been made if he knew that he would have to pay restitution at the time of the plea.

{¶13} Accordingly, the first assignment of error is overruled.

### C. Restitution Order

{¶14} In his second assignment of error, Wilson argues that the trial court erred when it ordered restitution without sufficient, competent evidence in the record.   We disagree.

{¶15} R.C. 2929.18 governs restitution and provides that financial sanctions may include:

Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, * * * and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.   If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

*Id.* at (A)(1).

{¶16} A trial court has "discretion to order restitution in appropriate case."   *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 27.   The restitution ordered, however, cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense.   *Id*. at ¶ 24.   "If the record contains competent, credible evidence establishing the amount of loss sustained by the victim, then the trial court

does not abuse its discretion in awarding restitution." *State v. Jones*, 10th Dist. Franklin No. 15AP-45, 2015-Ohio-3983, ¶ 13.

{**¶17**} Prior to ordering restitution, the trial court heard from the victim at sentencing, who specifically identified the amount of medical expenses incurred as a result of Wilson's commission of the underlying offense. Notably, Wilson never disputed the stated amount of the victim's medical expenses. Nor did Wilson dispute that the medical expenses were the direct and proximate result of his crime. Thus, relying on the victim's testimony, the trial court acted well within its discretion in ordering Wilson to pay restitution that covered the costs of the victim's medical expenses. *See Jones* at ¶ 14 ("A victim's testimony alone is sufficient to establish economic loss for a restitution order."); *see also State v. Tabasso*, 8th Dist. Cuyahoga No. 98248, 2013-Ohio-3721, ¶ 15 (victim's testimony regarding accumulated medical bills and lost wages established value of loss and amount of restitution awarded the victim).

{**¶18**} Wilson argues, however, that the victim's testimony was contradicted by the prosecutor at sentencing who "stated that there is a Cleveland Clinic bill and 'the bill is I think 20,000-some-odd dollars and change.'" Wilson contends that this contradiction coupled with the lack of any documentary evidence undermines the restitution award. We disagree. As stated above, "a restitution order may be supported by the victim's testimony alone without documentary corroboration." *Jones* at ¶ 16. And further, the record reveals that the victim submitted a written statement corroborating his claim of medical bills. While this written statement was not made part of the record on appeal, we note that defense counsel never objected to the victim's testimony. Nor did defense counsel challenge the submission of the written statement, which the victim offered as corroboration. Accordingly, based on the victim's testimony alone, we find that the trial court acted well within its discretion in awarding

restitution.

{¶19} The second assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
TIM McCORMACK, J., CONCUR