[Cite as *State v. Needels*, 2025-Ohio-2967.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Andrew J. King, J.<br>Hon. Robert G. Montgomery, J. |
| -vs- | |
| RYAN NEEDELS | Case Nos. 24 CAA 12 0107, 24 CAA 12<br>0108, & 24 CAA 12 0109 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court
of Common Pleas, Case Nos. 19 CRI
090640, 20 CRI 030160, & 23 CRI
080488

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     August 19, 2025

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

MELISSA A. SCHIFFEL     WILLIAM T. CRAMER
Delaware County Prosecuting Attorney     1554 Polaris Parkway, Suite 325
Columbus, Ohio 43240

KATHERYN L. MUNGER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Ryan Needels appeals the judgment entered by the Delaware County Common Pleas Court convicting him upon his pleas of guilty to engaging in a pattern of corrupt activity (R. C. 2923.32(A)(1)), telecommunications fraud (R.C. 2913.05(A)), and twenty-one counts of grand theft (R.C. 2913.02(A)(3)). The trial court sentenced him to an aggregate term of incarceration of five to seven and one-half years (Case No., 23 CRI 080488, App. No. 24 CAA 12 0107).  Appellant also appeals the judgment of the trial court revoking Appellant's community control sanctions in two prior cases, and sentencing Appellant to twelve months incarceration on his 2019 conviction (Case No., 19 CRI 090640, App. No. 24 CAA 12 0108), and to eighteen months incarceration on his 2020 conviction (Case No. 20 CRI 030160, App. No. 24 CAA 12 0109), to be served consecutively with each other and consecutively to the judgment entered in Case No. 23 CRI 080488, for an aggregate term of incarceration of seven and one-half to ten years.[1]  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** In September of 2019, Appellant was indicted in Case No. 19 CRI 090640 for two counts of theft.  In March of 2020, Appellant was indicted for one count of theft in Case No. 20 CRI 030160.  The trial court granted intervention in lieu of conviction in both cases.  In July of 2021, the State moved to terminate intervention in lieu of conviction in both cases, based on a felony indictment issued in Marion County.  Appellant admitted the violations in both cases.  The trial court convicted Appellant in both cases upon his

---

[1] This Court consolidated the appeals under Case No. 24 CAA 12 0107, with all filings to include all three case numbers, and the controlling case number of 24 CAA 12 0107 to be listed first.  Judgment Entry, December 17, 2024.

prior guilty pleas, merged the two counts from the 2019 case, and imposed a term of five years of community control. The trial court advised Appellant violation of community control may lead to a prison term of six to twelve months in the 2019 case, and six to eighteen months in the 2020 case.

{¶3} Appellant was indicted in 2023 by the Delaware County Grand Jury for fifty-one theft-related offenses. From a period of time extending from June 7, 2021, to October 31, 2022, Appellant offered to do home improvement projects for individuals. Appellant accepted payment deposits, but did not provide materials and did not perform work. Appellant failed to refund the deposits paid by his customers. Appellant used Facebook and his cell phone to conduct his business. The indictment encompassed twenty-one victims.

{¶4} Pursuant to a negotiated plea, Appellant entered pleas of guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970,) to engaging in a pattern of corrupt activity, telecommunications fraud, and twenty-one counts of theft. The State dismissed the remaining charges of the indictment. The parties jointly recommended a sentence of five years in prison, and restitution in the amount of $496,050.

{¶5} The case proceeded to sentencing. Appellant agreed to admit to community control violations in the 2019 and 2020 cases based on his convictions in the 2023 case. As to the 2023 case, the trial court sentenced Appellant to five to seven and one-half years of incarceration for engaging in a pattern of corrupt activity, five years of incarceration for telecommunications fraud, and eighteen months of incarceration for each of the twenty-one convictions of grand theft, to be served concurrently. The trial court imposed twelve months of incarceration in the 2019 case and eighteen months of

incarceration in the 2020 case, to be served consecutively to each other and consecutively to the 2023 sentence, for an aggregate term of incarceration of seven and one-half to ten years in prison. The trial court did not impose a fine, waived court costs, and ordered Appellant to pay restitution in the amount of $496,050.

{¶6} It is from the November 19, 2024 judgment of the trial court Appellant prosecutes his appeals, assigning as error:

I. APPELLANT'S GUILTY PLEAS IN CASE NUMBER 23CRI080488/24CAA120107 WERE NOT ENTERED KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY OR IN COMPLIANCE WITH CRIM. R. 11 BECAUSE THE TRIAL COURT COMPLETELY FAILED TO ADVISE APPELLANT OF A DISCRETE ASPECT OF THE MAXIMUM PENALTY, NAMELY, FINES.

II. THE COMMUNITY CONTROL VIOLATIONS IN CASE NUMBERS 19CRI090640/24CAA120108 AND 20CRI030160/24CAA120109 MUST BE REVERSED BECAUSE THEY WERE BASED ON THE INVALID GUILTY PLEAS IN CASE NUMBER 23CRI080488/24CAA120107.

I.

{¶7} In his first assignment of error, Appellant argues he did not enter his plea knowingly, intelligently, and voluntarily because the trial court failed to advise him of the possibility he could be assessed a fine. We agree.

**{¶8}** Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary. *Parke v. Raley*, 506 U.S. 20, 28-29, (1992); *State v. Clark*, 2008-Ohio-3748, ¶ 25. If the plea was not made knowingly, intelligently, and voluntarily, enforcement of the plea is unconstitutional. *Id*.

**{¶9}** Crim. R. 11(C)(2) outlines the procedure the trial court is to follow when accepting a plea:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for

obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} In *State v. Dangler*, the Ohio Supreme Court set forth three questions to ask when reviewing a claim the trial court failed to comply with Crim. R. 11 in its plea colloquy with a criminal defendant: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *State v. Dangler,* 2020-Ohio-2765, ¶ 17.

{¶11} It is undisputed in the instant case the trial court failed to comply fully with the rule, as the trial court did not inform Appellant of the possibility of the imposition of a fine as a component of the maximum penalty. Therefore, we must consider whether the trial court's failure is of a type which excuses Appellant from demonstrating prejudice. In *Dangler*, the Ohio Supreme Court set forth two circumstances in which the defendant is not required to demonstrate prejudice in order to have his plea vacated. The first exception is when the trial court failed to explain the constitutional rights the defendant was waiving, specifically, the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the State to prove guilt beyond a reasonable doubt. *Id*. at ¶ 14. The second exception was initially recognized in *State v. Sarkoy*, 2008-Ohio-509, ¶ 22, in which the Ohio Supreme Court held where the trial court had "completely failed" to

comply with Crim. R. 11(C)(2)(a)'s requirement to explain the maximum penalty, the defendant need not demonstrate prejudice. *Id*. at ¶ 15.

**{¶12}** In the instant case, the trial court did not fail to inform Appellant of a constitutional right he was waiving by entering a plea of guilty. Therefore, we must determine whether the trial court's failure to notify Appellant of the possible imposition of a fine as a component of the maximum sentence constituted a complete failure of the trial court to explain the maximum penalty.

**{¶13}** The *Dangler* court did not define what constitutes a "complete failure" to explain the maximum penalty. In *Sarkozy*, the Ohio Supreme Court found the plea was not entered knowingly, intelligently, and voluntarily where the trial court failed to notify the defendant of a mandatory term of postrelease control. 2008-Ohio-509 at ¶ 25. However, in *Dangler*, the Ohio Supreme Court found the trial court had not completely failed to notify the defendant of the maximum sentence where the trial court mentioned sex offender registration duties, but failed to mention the residential restrictions and community notification aspects of sex offender registration. 2020-Ohio-2765 at ¶ 22. In interpreting the Ohio Supreme Court's language in *Dangler* concerning a "complete failure" to notify a defendant of the maximum sentence, the Twelfth District Court of Appeals explained:

> A criminal sentence consists of several distinct components, including a prison sentence, a fine, postrelease control, and where applicable, certain criminal statutory registration and notification requirements. The upshot of *Sarkozy* and *Dangler* is that a trial court's total failure to inform a defendant of a distinct component of the maximum

penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea. *See Sarkozy*, 2008-Ohio-509, 117 Ohio St.3d 86, 881 N.E.2d 1224. Or stated differently, a complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty. By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a). *See Dangler*, 2020-Ohio-2765.

**{¶14}** *State v. Fabian*, 2020-Ohio-3926, ¶ 20.

**{¶15}** The State argues the trial court did not completely fail to notify Appellant of a component of the maximum sentence because the trial court informed Appellant of restitution, which similar to a fine is a financial component of the sentence. We disagree. Restitution and fines are two distinct financial sanctions as set forth in R.C. 2929.18(A). Restitution is paid to the victim or victims of the crime, and the amount is based on the victim's economic loss. R.C. 2929.18(A)(1). A fine, in contrast, is payable to the State, with the amount based on the offender's income and the seriousness of the offense. R.C. 2929.18(A)(2). Further, in *Sarkozy* the defendant had been informed of the maximum prison sentence, which arguably is similar to postrelease control because both sanctios restrict the defendant's liberty. However, the *Sarkozy* court found the trial court's failure to mention postrelease control constituted a complete failure to comply with Crim. R. 11, and the defendant was not required to show prejudice.

{¶16} We find by failing to mention the possibility of the imposition of a fine in the instant case, the trial court completely failed to notify Appellant of a component of the maximum sentence as required by Crim. R. 11, and Appellant is therefore not required to demonstrate prejudice to be entitled to vacation of his guilty plea.

{¶17} The first assignment of error is sustained.

II.

{¶18} In his second assignment of error, Appellant argues the trial court's findings of community control violations in case numbers 19 CRI 090640 (App. No. 24 CAA 12 0108) and 20 CRI 030160 (App. No. 24 CAA 12 0109) were based on his invalid plea of guilty in case number 23 CRI 080488 (App. No. 24 CAA 12 0107), and therefore must be reversed. We agree.

{¶19} The second assignment of error is sustained.

{¶20} The judgment of the Delaware County Common Pleas Court is reversed. Appellant's guilty pleas are vacated, and this case is remanded to that Court for further proceedings according to law.

By: Hoffman, P.J.
King, J. concur
Montgomery, J. dissents

_____
HON. WILLIAM B. HOFFMAN

_____
HON. ANDREW J. KING

_____
HON. ROBERT G. MONTGOMERY

Montgomery, J., Dissenting

**{¶21}** The majority found that by failing to mention the possibility of the imposition of a fine as in this instant case, the trial court "completely failed" to notify appellant of a component of the maximum sentence as required by Crim.R. 11 and appellant is therefore not required to demonstrate prejudice in order to have his guilty plea vacated.

**{¶22}** I respectfully disagree. In the present case, an affidavit of indigency was filed so there was no mandatory maximum or minimum fine required nor was there any fine imposed.

**{¶23}** While I do agree with the majority that there is certainly a difference between fine and restitution, I do not think that a fine, which wasn't explained or imposed, would be considered a distinct component of the sentence enough so, to warrant vacating the prior guilty plea.

**{¶24}** Defendant should be required to show prejudice in this case, which, of course, he could not because no fine was imposed.

**{¶25}** While it would have been better for the trial court to have explained the possibility of a fine, even if no fine was imposed, the trial court did enough to substantially comply with Crim.R. 11. The majority extends the definition of a complete failure and by doing so, they relieve the defendant of having to show prejudice which would be a greater limitation on the "substantial compliance" standard.

**{¶26}** I would have affirmed the trial court.